IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH<br><br>**FACEBOOK USER NAMES:**<br>Facebook.com/addison.lewis.54<br>(1644243063)<br><br>Facebook.com/brandi.poulton<br>(510325649)<br><br>Facebook.com/<br>(100009236199763)<br><br>THAT IS STORED AT PREMISES CONTROLLED BY FACEBOOK INC. | Case No. 19-m-6012-01-KGG<br><br>**Filed Under Seal** |

### APPLICATION FOR ORDER COMMANDING FACEBOOK INC. NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF WARRANT

The United States requests that the Court order Facebook, Inc., not to notify any person (including the subscribers or customers of the account(s) listed in the warrant) of the existence of the attached warrant for a period of 120 days from the date of the issuance of the Court's order.

Facebook, Inc., is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computer service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the attached warrant, which requires Facebook, Inc., to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the attached warrant relates to an ongoing criminal investigation that is neither public nor known to the target(s) of the investigation, and its disclosure may alert the target(s) to the ongoing investigation.  Accordingly, there is reason to believe that notification of the existence of the attached warrant will seriously jeopardize the investigation, including by giving the target(s) an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).  Some of the evidence in this investigation is stored electronically.  If alerted to the investigation, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing Facebook, Inc., not to disclose the existence or content of the attached warrant, for a period of 120 days except that Facebook, Inc., may disclose the attached warrant to an attorney for Facebook, Inc., for the purpose of receiving legal advice.

Executed on January 24, 2019.

>Respectfully submitted,
>STEPHEN R. McALLISTER
>United States Attorney
>
>s/Mona L. Furst
>MONA L. FURST
>Ks. S.Ct. No. 13162
>Assistant United States Attorney
>District of Kansas
>301 N. Main, Suite 1200
>Wichita, Kansas 67202
>(316) 269-6481
>(316) 269-6484 (FAX)
>Mona.furst@usdoj.gov